## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Scott H. Meyer,

       **Plaintiff,**

vs.

City of Minneapolis; and Minneapolis
Police Officers J. Does 1-5, in their
individual and official capacities,

       **Defendants.**

Court File No.


**COMPLAINT WITH
JURY DEMAND**

---

## INTRODUCTION

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution as well as Minnesota state law.


## JURISDICTION

2.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.


## VENUE

3.  This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

**PARTIES**

4.  Plaintiff Scott H. Meyer was at all material times a resident of the State of Minnesota and of full age.

5.  The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers.

6.  Defendant Officers J. Does 1-5 were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

**FACTS**

7.  On May 31, 2020, Plaintiff Scott H. Meyer participated in a peaceful march/protest against the murder of George Floyd by the Minneapolis Police Department and its police officers. Mr. Meyer initially joined the march/protest on University Ave. and then proceeded to march onto I-35W South with the rest of the group.

8.  As Mr. Meyer marched on I-35W South as part of the peaceful protest, a tanker semi-truck drove onto the highway and proceeded to drive in the direction of the protest on I-35W North (the opposite side of the highway in relation to where Mr. Meyer was marching). Eventually, the tanker truck came to a stop, still remaining on I-35W North. Mr. Meyer remained on the opposite side of the highway (I-35 South) at all times.

9.  Shortly after, a large number of Minneapolis Police Officers responded to the incident and multiple officers were present on both sides of the highway. Shortly after that, a large group

of Minneapolis Police Offices, which included Officers J. Does 1-5, formed a line on the South side of the highway and started to march towards Mr. Meyer and the rest of the marchers on the Southbound side of the highway. At this time, the majority of marchers who were around Mr. Meyer had dispersed and Mr. Meyer was left by himself.

10. The Minneapolis officers, including J. Does 1-5, continued to approach Mr. Meyer and at this point directed him to take his bike and get off the freeway. Mr. Meyer started to record and photograph the officers and asked them, "Why are you doing this?" Mr. Meyer was not violent and did not threaten or attempt to approach the officers at any time. Mr. Meyer did not have anything in his hands except his phone and he was also holding on to his bicycle. Mr. Meyer did not have any weapons and did not use his bicycle as a weapon at any time. Although Mr. Meyer did not leave the area, his simply attempted to speak with the Minneapolis Police Officers, including J. Does 1-5.

11. The Minneapolis Police Officers on the Southbound side of the highway, including J. Does 1-5, had ample opportunity to peacefully approach Mr. Meyer and escort him off the highway or arrest him and take him into custody. Instead, J. Does 1-5 orchestrated an unnecessary and unjustified assault on Mr. Meyer through use of excessive and unnecessary force. Even though Mr. Meyer never threatened the officers in any way and simply attempted to speak with them after the majority of the protestors had dispersed, J. Does 1-5 proceeded to pepper-spray Mr. Meyer in the face multiple times from a very short distance and shot rubber bullets at him without any legal justification whatsoever. Mr. Meyer was struck with at least four rubber bullets on his chest, thigh, elbow and lower back. At one point during their assault on Mr. Meyer, one of the J. Doe Defendants ran up to Mr. Meyer, grabbed his cell phone, and tossed the cell phone approximately 20 feet away. When Mr. Meyer

complained, the same officer picked up Mr. Meyer's cell phone and threw it over the freeway into a ditch down below.

12. The Defendant Officers' assault on Mr. Meyer was not an isolated incident. Shortly after the murder of George Floyd, the City of Minneapolis Police Department devised and implemented a routine practice and custom of (1) assaulting peaceful demonstrators with rubber bullets, pepper-spray, and other non-lethal weapons without justification and (2) destroying private property belonging to peaceful demonstrators without justification. Minneapolis Police supervisors, such as sergeants, lieutenants, and commanders, knew about this custom, participated in devising this custom, participated in unjustified assaults of peaceful demonstrators as well as destruction of private property, and actively encouraged and ordered Minneapolis police officers to assault peaceful protestors with pepper-spray and non-lethal weapons and to destroy private property without justification. The Defendant Officers' violent and unjustified assault on Mr. Meyer as well as their attempt to destroy and damage his cell phone were carried out as part of and pursuant to the City of Minneapolis Police Department's practice and custom as outlined above.

13. Ultimately, Mr. Meyer was handcuffed behind his back and left sitting on I-35W while handcuffed. After some period of time, the officers removed Mr. Meyer's handcuffs and told him he was free to go. Mr. Meyer then recovered his cell phone from the ditch and left the freeway.

14. As a result of Defendants' actions described above, Mr. Meyer suffered physical injuries to his face, chest, elbow, thigh, and lower back, as well as emotional trauma, stress, fear, shame, humiliation, embarrassment, and diminished quality and enjoyment of life.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST J. DOES 1-5

15. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

16. Based on the above factual allegations, the Defendant Officers, through her actions, acting under the color of state law, violated Plaintiff's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Plaintiff exercised his right to free speech protected by the First Amendment when he attempted to speak with and video record J. Does 1-5. Defendants took actions against Plaintiff that were sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they violently assaulted him and attempted to destroy his cell phone. Defendants engaged in this conduct against Plaintiff in retaliation for Plaintiff exercising his First Amendment rights.

17. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST J. DOES 1-5

18. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

19. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they assaulted Plaintiff with non-lethal munitions and pepper-spray without justification and when they seized and confiscated his cell phone without justification.

20. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AND FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST THE CITY OF MINNEAPOLIS

21. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

22. Shortly after the murder of George Floyd and prior to May 31, 2020, Defendant City of Minneapolis developed and implemented a custom of unjustified violent assaults against peaceful demonstrators as well as unlawful destruction of property, as outlined in detail in paragraph 12 above, exhibiting deliberate indifference towards the constitutional rights of persons in the City of Minneapolis or in the custody of the City of Minneapolis, which caused the violations of Plaintiffs' constitutional rights.

23. This custom was the cause of the violations of Plaintiffs' constitutional rights alleged herein.

### COUNT 4: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

24. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

25. Based on the above factual allegations, the Defendant Officers battered Plaintiff when they assaulted Plaintiff with non-lethal munitions and pepper-spray without justification.

26. Defendant City of Minneapolis is vicariously liable to Plaintiff for the Defendant Officers' battery.

27. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a.   Issue an order granting Plaintiff judgment against Defendants on all claims set forth above;

b.   Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c.   Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d.   Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e.   Award of such other and further relief as this Court may deem appropriate.


**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**


THE LAW OFFICE OF ZORISLAV R. LEYDERMAN


Dated: <u>October 6 , 2021</u>          By: <u>s/ Zorislav R. Leyderman</u>
                                         ZORISLAV R. LEYDERMAN
                                         Attorney License No. 0391286
                                         Attorney for Plaintiff
                                         The Law Office of Zorislav R. Leyderman
                                         222 South 9th Street, Suite 1600
                                         Minneapolis, MN 55402
                                         Tel: (612) 876-6626
                                         Email: zrl@ZRLlaw.com